SUMMARY ORDER
THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.
At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of April, Two Thousand and Three.
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.
Debtor-appellant Commco Technology LLC, a/k/a Broadstream Communications Corp. (“Commco”) appeals the district court’s January 2, 2002 judgment affirming the February 2, 2001 judgment of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shift, Chief Judge) denying Commco’s motion for an injunction against Science Applications International Corp. (“SAIC”) and U.S. Bank. This case is a product of Commco’s claim that SAIC fraudulently attempted to draw, and later fraudulently drew on a letter of credit issued by U.S. Bank at Commco’s request, for the benefit of SAIC. Initially Commco sought injunctive relief to prevent SAIC from drawing on the letter of credit. However, during the course of this case, following denial of an injunction and denial of a stay, SAIC drew on the letter of credit. Thus, Commco now seeks to compel: (1) SAIC to repay U.S. Bank; and (2) U.S. Bank to return the collateral it held as security for the letter of credit.
I. Background
In the bankruptcy court, Commco primarily sought a preliminary and permanent injunction prohibiting SAIC from drawing and U.S. Bank from paying on the letter of credit. The bankruptcy court denied Commco’s motion, finding that Commco failed to establish either that it would be irreparably harmed if SAIC drew on the letter of credit, or that it was likely to succeed on the merits of its claim against SAIC (by proving that SAIC’s draw on the letter of credit was fraudulent).
After the bankruptcy court denied Commco’s motion, Commco sought a stay of that order and the extension of a temporary restraining order, then in effect, that prevented SAIC from drawing on the letter of credit. The bankruptcy court denied those motions. Commco then filed an appeal in the district court challenging the bankruptcy court’s denial of Commco’s motion for a preliminary and permanent in *883 junction. Along with this appeal, Commco also filed a motion seeking a stay of the bankruptcy court’s order pending appeal. The district court denied Commco’s motion for a stay.
Shortly after the district court denied Commco’s motion for a stay pending appeal, SAIC drew on the letter of credit. Therefore, before the district court had an opportunity to decide the merits of Commco’s appeal, the only issue the bankruptcy court had ruled upon explicitly-whether Commco was entitled to an injunction prohibiting SAIC from drawing on the letter of credit-was moot. However, rather than returning to the bankruptcy court to seek alternate relief, Commco sought alternate relief directly in the district court. In its appeal to the district court, Commco sought an order directing SAIC to return to U.S. Bank all funds received as a result of the draw on the letter of credit, and directing U.S. Bank “to restore funds to [Commco’s] operating and collateral accounts from which they have now been withdrawn.”[1] The district court affirmed the bankruptcy court’s conclusion that Commco was not entitled to injunctive relief because Commco failed to establish that it was likely to succeed on the merits of its fraud claim. The district court did not address the irreparable harm issue, or discuss the fact that the relief Commco sought in the district court was different than the relief that the parties focused on in the bankruptcy court.
Commco now appeals from the judgment of the district court, and asks this Court to “vacate the District Court judgment and remand this matter to the District Court with instructions to remand the case to the Bankruptcy Court for the entry of an order directing SAIC to return all funds drawn from the Letter of Credit to U.S. Bank, and directing U.S. Bank to restore all funds withdrawn due to SAIC’s draw on the Letter of Credit.”
II. Discussion
In their briefs and at oral argument, the parties have focused primarily on the question of whether SAIC’s draw on the letter of credit was materially fraudulent within the meaning of letter of credit law (in this case, the Minnesota version of U.C.C. § 5-109, Minn.Stat. § 336.5-109). We note that even if Commco could establish that SAIC’s draw on the letter of credit was materially fraudulent, there are a number of other legal and factual issues that we would have to resolve in Commco’s favor before we could conclude that Commco was entitled to the relief it now seeks.[2] However, the parties agree that Commco cannot prevail if SAIC’s draw on the letter of credit was not materially *884 fraudulent within the meaning of section 5-109.
Because this is an appeal of the district court’s review of a bankruptcy court decision, the “district court’s order ... is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court. The Bankruptcy Court’s findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo.” In re Duplan Corp., 212 F.3d 144, 151 (2d Cir.2000).
After conducting an independent examination of the factual findings and legal conclusions of the bankruptcy court, we conclude, for substantially the same reasons as those given by the district court in its December 18, 2001 order, that Commco has failed to establish that SAIC’s draw on the letter of credit was materially fraudulent within the meaning of section 5-109. Even if it is true, as Commco argues, that the Settlement Agreement cannot be read in light of the Letter of Credit because the latter is “completely independent” of the former, New York Life Ins. Co. v. Hartford Nat’l Bank & Trust Co., 173 Conn. 492, 378 A.2d 562, 566 (Conn.1977), we conclude that even the Settlement Agreement and the Promissory Note when read together are ambiguous, permitting the bankruptcy court’s resort to extrinsic evidence. Therefore, the district court correctly affirmed the judgement of the bankruptcy court.
III. Conclusion
For these reasons, the judgment of the district court is AFFIRMED.

. Although Commco’s arguments in the bankruptcy court focused on its request for an injunction preventing SAIC from drawing on the letter of credit, the complaint also requested the relief Commco sought in the district court-an order that essentially unwinds the transaction. Because the appellants have not argued that Commco forfeited its right to seek an order unwinding the transaction by failing to pursue it more fully in the bankruptcy court (and failing to return to the bankruptcy court to seek this alternate relief after SAIC drew on the letter of credit), we express no view on that issue.

. For example, Commco has cited no authority to support its view that under U.C.C. § 5-109 a party that was entitled to (but did not receive) an injunction prohibiting a draw on a letter of credit would also be entitled to an injunction unwinding such a transaction after it has occurred. Furthermore, Commco has failed to present any evidence on the issue of the irreparable harm it might face if it is not granted an order, issued more than a year after SAIC drew down the letter of credit, requiring SAIC to return the money. Instead, Commco’s arguments to this Court on the irreparable harm issue have focused entirely on the evidence of irreparable harm that *884 Commco claimed it would suffer if SAIC were allowed to draw on the letter of credit.